UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>          Plaintiff,<br><br>v.<br><br>AAFE PRODUCTS CORP. a California corporation, JBE INTERNATIONAL, LLC, a California limited liability company, et al.,<br><br>          Defendants. | Case No.: 17-cv-00575-AJB-JMA<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO FILE DOCUMENTS UNDER SEAL**<br><br>(Doc. No. 22) |

  Presently before the Court is Defendants Joshua Bernheim and Brian Bernheim's (collectively referred to as "Defendants") motion to seal portions of the proposed Stipulated Order for Permanent Injunction and Other Equitable Relief as to AAFE Products Corp., JBE International LLC, BSDC, Inc., KADC, Inc., Purestrike, Inc., BNRI Corp., fka Bernheim & Rice, Inc., Brian Bernheim, Joshua Bernheim, and Jared Coates ("AAFE Stipulated Order"). (Doc. No. 22.)

  Courts have historically recognized a "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point."

1

*Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). In order to overcome this strong presumption, a party seeking to seal a judicial record must articulate justifications for sealing that outweigh the public policies favoring disclosure. *See Kamakana*, 447 F.3d at 1178–79. "In turn, the court must 'conscientiously balance[] the competing interests' of the public and the party who seeks to keep certain judicial records secret." *Id.* at 1179 (quoting *Foltz*, 331 F.3d at 1135).

Here, Defendants seek to seal the AAFE Stipulated Order as it identifies by name and residential addresses non-party individuals, who share an ownership interest in real property used as collateral for the security of the monetary judgment. (Doc. No. 22 at 1.) Additionally, the motion is unopposed and is redacted in a limited fashion as to only prevent disclosure of the identity, status, and addresses of the non-party individuals. (*Id.* at 1, 3.)

Consequently, finding the motion narrowly tailored and that the justifications for sealing outweigh the public's interest in the non-party's personal information, the Court **GRANTS** Defendants' motion to seal. *See Foltz*, 331 F.3d at 1137 (acknowledging the privacy interests implicated by sensitive, personal identifying information); *see also Opperman v. Path, Inc.*, Case No. 13-cv-00453-JST, 2017 WL 1036652, at *4 (N.D. Cal. Mar. 17, 2017) (finding a motion to seal an exhibit that contained the names, email addresses, and phone numbers of non-party users warranted).

**IT IS SO ORDERED**.

Dated: August 29, 2017

Hon. Anthony J. Battaglia
United States District Judge