**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | ) Case No.: 17cv0575 AJB (JMA) |
| | ) |
| Plaintiff, | ) ORDER GRANTING JOINT |
| | ) MOTION FOR PERMANENT |
| v. | ) INJUNCTION AND OTHER |
| | ) EQUITABLE RELIEF AS TO |
| AAFE PRODUCTS CORPORATION, *et al.* | ) ROBERT KOCH |
| | ) |
| Defendants. | ) (Doc. No. 26-2) |
| | ) |

Plaintiff, the Federal Trade Commission ("FTC" or "Commission"), filed its Complaint for Permanent Injunction and Other Equitable Relief ("Complaint") in this matter, pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b), and Section 5 of the Restore Online Shoppers' Confidence Act ("ROSCA"), 15 U.S.C. § 8404. The Commission and Defendant Koch stipulate to the entry of this Stipulated Order for Permanent Injunction and Other Equitable Relief as to Robert Koch ("Order") to resolve all matters in dispute in this action between them, regardless of any other judgment that the Commission may obtain in this action.

**THEREFORE, IT IS ORDERED** as follows:

## FINDINGS

1.      This Court has jurisdiction over this matter.

2.      The Complaint charges that Defendants participated in deceptive acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45, and Section 4 of ROSCA, 15 U.S.C. § 8403, in connection with Defendants' marketing and sale of cooking-related, golf, and other products and services through television advertising and Defendants' websites, including websites optimized for mobile.

3.      Defendant Robert Koch neither admits nor denies any of the allegations in the Complaint, except as specifically stated in this Order.  Only for purposes of this action, Defendant Robert Koch admits the facts necessary to establish jurisdiction.

4.      Defendant Robert Koch waives any claim he may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agrees to bear his own costs and attorney fees.

5.      Defendant Robert Koch waives all rights to appeal or otherwise challenge or contest the validity of this Order.

## DEFINITIONS

1.      "**Billing Information**" means any data that enables any person to access a customer's account, such as a credit card, checking, savings, share or similar account, utility bill, mortgage loan account, or debit card.

2.      "**Charge**," "**Charged**," or "**Charging**" means any attempt to collect money or other consideration from a consumer, including but not limited to causing Billing Information to be submitted for payment, including against the consumer's credit card, debit card, bank account, telephone bill, or other account.

3. **"Clear(ly) and conspicuous(ly)"** means that a required disclosure is difficult to miss (*i.e.*, easily noticeable) and easily understandable by ordinary consumers, including in all of the following ways:

a. In any communication that is solely visual or solely audible, the disclosure must be made through the same means through which the communication is presented. In any communication made through both visual and audible means, such as a television advertisement, the disclosure must be presented simultaneously in both the visual and audible portions of the communication even if the representation requiring the disclosure is made in only one means;

b. A visual disclosure, by its size, contrast, location, the length of time it appears, and other characteristics, must stand out from any accompanying text or other visual elements so that it is easily noticed, read, and understood;

c. An audible disclosure, including by telephone or streaming video, must be delivered in a volume, speed, and cadence sufficient for ordinary consumers to easily hear and understand it;

d. In any communication using an interactive electronic medium, such as the Internet or software, the disclosure must be unavoidable;

e. The disclosure must use diction and syntax understandable to ordinary consumers and must appear in each language in which the representation that requires the disclosure appears;

f. The disclosure must comply with these requirements in each medium through which it is received, including all electronic devices and face-to-face communications;

g. The disclosure must not be contradicted or mitigated by, or inconsistent with, anything else in the communication; and

h.     When the representation or sales practice targets a specific audience, such as children, the elderly, or the terminally ill, "ordinary consumers" includes reasonable members of that group.

4.     **"Close Proximity"** means immediately adjacent to the triggering representation.  In the case of advertisements disseminated verbally or through audible means, the disclosure shall be made as soon as practicable after the triggering representation.

5.     **"Defendant Koch"** means Robert Koch.

6.     **"Negative Option Feature"** means, in an offer or agreement to sell or provide any good or service, a provision under which the consumer's silence or failure to take affirmative action to reject a good or service or to cancel the agreement is interpreted by the seller or provider as acceptance or continuing acceptance of the offer.

7.     **"Person"** or **"Persons"** includes a natural person, an organization or other legal entity, including a corporation, partnership, sole proprietorship, limited liability company, association, cooperative, or any other group or combination acting as an entity.

8.     **"Plaintiff"** means the Federal Trade Commission.

## ORDER

## I.  PROHIBITION AGAINST MISREPRESENTATIONS

**IT IS ORDERED** that Defendant Koch, Defendant Koch's agents, employees, attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with promoting or offering for sale any good or service, are permanently restrained and enjoined from misrepresenting, or assisting others

in misrepresenting, expressly or by implication:

A. Any cost to the consumer to purchase, receive, use, or return the initial good or service;

B. That the consumer will not be Charged for any good or service;

C. That a good or service is offered on a "free," "trial," "sample," "bonus," "gift," "no obligation," "discounted" basis, or words of similar import, denoting or implying the absence of an obligation on the part of the recipient of the offer to affirmatively act in order to avoid Charges, including where a Charge will be assessed pursuant to the offer unless the consumer takes affirmative steps to prevent or stop such a Charge;

D. That the consumer can obtain a good or service for a processing, service, shipping, handling, or administrative fee with no further obligation;

E. The purpose(s) for which the consumer's Billing Information will be used;

F. The date by which the consumer will incur any obligation or be Charged unless the consumer takes an affirmative action on the Negative Option Feature;

G. That a transaction has been authorized by the consumer;  and

H. Any other fact material to the consumer concerning any good or service, such as any material aspect of the nature or terms of a refund, cancellation, exchange, or repurchase policy for the good or service.

Compliance with this Section is separate from, and in addition to, the disclosures required by Sections II and III, *infra*.

## II.  REQUIRED DISCLOSURES RELATING TO NEGATIVE OPTION FEATURES

**IT IS FURTHER ORDERED** that Defendant Koch, Defendant Koch's

agents, employees, attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with promoting or offering for sale any good or service with a Negative Option Feature, are permanently restrained and enjoined from:

A.     Representing, directly or indirectly, expressly or by implication, that any good or service that includes a Negative Option Feature is being offered on a free, trial, no obligation, reduced, or discounted basis, without disclosing Clearly and Conspicuously, and in Close Proximity to, any such representation:

1.     The extent to which the consumer must take affirmative action(s) to avoid any Charges:  (a) for the offered good or service, (b) of an increased amount after the trial or promotional period ends, and (c) on a recurring basis;

2.     The total cost (or range of costs) the consumer will be Charged and, if applicable, the frequency of such Charges unless the consumer timely takes steps to prevent or stop such Charges; and

3.     The deadline(s) (by date or frequency) by which the consumer must affirmatively act in order to stop all recurring Charges.

B.     Obtaining Billing Information from a consumer for any transaction involving a good or service that includes a Negative Option Feature, without first disclosing Clearly and Conspicuously, and in Close Proximity to where a consumer provides Billing Information:

1.     The extent to which the consumer must take affirmative action(s) to avoid any Charges:  (a) for the offered good or service, (b) of an increased amount after the trial or promotional period ends, and (c) on a recurring basis;

2.      The total cost (or range of costs) the consumer will be Charged, the date the initial Charge will be submitted for payment, and, if applicable, the frequency of such Charges unless the consumer timely takes affirmative steps to prevent or stop such Charges;

3.      The deadline(s) (by date or frequency) by which the consumer must affirmatively act in order to stop all recurring Charges;

4.      The name of the seller or provider of the good or service and, if the name of the seller or provider will not appear on billing statements, the billing descriptor that will appear on such statements;

5.      A description of the good or service;

6.      Any Charge or cost for which the consumer is responsible in connection with the cancellation of an order or the return of a good; and

7.      The simple cancellation mechanism to stop any recurring Charges, as required by Section IV.

C.      Failing to send the consumer:

1.      Immediately after the consumer's submission of an online order, written confirmation of the transaction by email.  The email must Clearly and Conspicuously disclose all the information required by Subsection II.B, and contain a subject line reading "Order Confirmation" along with the name of the product or service, and no additional information; or

2.      Within two (2) days after receipt of a consumer's order by mail or telephone, a written confirmation of the transaction, either by email or first class mail.  The email or letter must Clearly and Conspicuously disclose all the information required by Subsection II.B.  The subject line of the email must Clearly and Conspicuously state "Order Confirmation" along with the name of the product or service, and nothing else.  The outside of the

7

envelope must Clearly and Conspicuously state "Order Confirmation" along with the name of the product or service, and no additional information other than the consumer's address, the Defendant Koch's return address, and postage.

## III. OBTAINING EXPRESS INFORMED CONSENT

**IT IS FURTHER ORDERED** that Defendant Koch, Defendant Koch's agents, employees, attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with promoting or offering for sale any good or service with a Negative Option Feature, are permanently restrained and enjoined from using Billing Information to obtain payment from a consumer, unless Defendant Koch first obtains the express informed consent of the consumer to do so. To obtain express informed consent, Defendant Koch must:

A.      For all written offers (including over the Internet or other web-based applications or services), obtain consent through a check box, signature, or other substantially similar method, which the consumer must affirmatively select or sign to accept the Negative Option Feature, and no other portion of the offer. Defendant Koch shall disclose Clearly and Conspicuously and in Close Proximity to such check box, signature, or substantially similar method of affirmative consent, only the following, with no additional information:

1.      The extent to which the consumer must take affirmative action(s) to avoid any Charges: (a) for the offered good or service, (b) of an increased amount after the trial or promotional period ends, and (c) on a recurring basis;

2.    The total cost (or range of costs) the consumer will be Charged and, if applicable, the frequency of such Charges unless the consumer timely takes affirmative steps to prevent or stop such Charges; and

3.    The deadline(s) (by date or frequency) by which the consumer must affirmatively act in order to stop all recurring Charges.

B.    For all oral offers, prior to obtaining any Billing Information from the consumer:

1.    Clearly and Conspicuously disclose the information contained in Subsection II.B; and

2.    Obtain affirmative unambiguous express oral confirmation that the consumer:  (a) consents to being Charged for any good or service, including providing, at a minimum, the last four (4) digits of the consumer's account number to be Charged, (b) understands that the transaction includes a Negative Option Feature, and (c) understands the specific affirmative steps the consumer must take to prevent or stop further Charges.

For transactions conducted through Telemarketing, Defendant Koch shall maintain for three (3) years from the date of each transaction an unedited voice recording of the entire transaction, including the prescribed statements set out in Subsection III.B.  Each recording must be retrievable by date and by the consumer's name, telephone number, or Billing Information, and must be provided upon request to the consumer, the consumer's bank, or any law enforcement entity.

## IV.  SIMPLE MECHANISM TO CANCEL NEGATIVE OPTION FEATURE

**IT IS FURTHER ORDERED** that Defendant Koch, Defendant Koch's agents, employees, attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with promoting or offering for sale any

9

good or service with a Negative Option Feature, are permanently restrained and enjoined from failing to provide a simple mechanism for a consumer to: (1) avoid being Charged, or Charged an increased amount, for the good or service; and (2) immediately stop any recurring Charges. Such mechanism must not be difficult, costly, confusing, or time consuming, and it must be at least as simple as the mechanism the consumer used to initiate the Charge(s). In addition:

A.      For consumers who entered into the agreement to purchase a good or service including a Negative Option Feature over the Internet or through other web-based applications or services, Defendant Koch must provide a mechanism, accessible over the Internet or through such other web-based application or service that consumers can easily use to cancel the product or service and immediately stop all further Charges.

B.      For consumers who entered into the agreement to purchase a good or service including a Negative Option Feature through an oral offer and acceptance, Defendant Koch must maintain a telephone number and a postal address that consumers can easily use to cancel the product or service and immediately stop all further Charges. Defendant Koch must assure that all calls to this telephone number shall be answered during normal business hours and that mail to the postal address is retrieved regularly.

## V. PROHIBITION AGAINST BILLING CONSUMERS CURRENTLY ENROLLED IN SUBSCRIPTION PLANS

**IT IS FURTHER ORDERED** that Defendant Koch, Defendant Koch's agents, employees, attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, with respect to any current customer of any good or service with a Negative Option Feature whom Defendant Koch seeks to continue to charge after the entry of this Order, are hereby permanently restrained and

enjoined from charging any existing customer who was first charged prior to March 1, 2016, unless, prior to any future charge, Defendant Koch:

A.    Sends the customer written notice, either by email or first class mail, in a form approved by FTC counsel, that includes the Clear and Conspicuous disclosure of all the information required by Section II; and

B.    Obtains the customer's express informed written consent in a manner consistent with Section III.

## VI.  MONETARY JUDGMENT

**IT IS FURTHER ORDERED** that:

A.    Judgment in the amount of SIX HUNDRED THIRTY TWO THOUSAND THREE HUNDRED FOUR DOLLARS ($632,304) is entered in favor of the Commission against Defendant Koch, as equitable monetary relief.

B.    Defendant Koch is ordered to pay to the Commission the Judgment set forth above in Section VI.A as follows:

1.    Within seven (7) days of entry of this Order, Defendant Koch shall wire by electronic fund transfer the sum of ONE HUNDRED FIFTY THOUSAND DOLLARS ($150,000) which, as Defendant Koch stipulates, his undersigned counsel holds in escrow for no purpose other than payment to the FTC.  Defendant Koch shall wire these funds to the FTC in accordance with instructions previously provided by a representative of the Commission;

2.    Within one hundred and eighty (180) days of entry of this Order, Defendant Koch shall wire by electronic fund transfer the sum of ONE HUNDRED FIFTY THOUSAND DOLLARS ($150,000) to the FTC in accordance with instructions previously provided by a representative of

the Commission;

3.      Within two hundred and seventy (270) days of entry of this Order, Defendant Koch shall wire by electronic fund transfer the sum of ONE HUNDRED FIFTY THOUSAND DOLLARS ($150,000) to the FTC in accordance with instructions previously provided by a representative of the Commission;

4.      Within three hundred and sixty (360) days of entry of this Order, Defendant Koch shall wire by electronic fund transfer the sum of ONE HUNDRED EIGHTY TWO THOUSAND THREE HUNDRED FOUR DOLLARS ($182,304) to the FTC in accordance with instructions previously provided by a representative of the Commission; and

5.      Notwithstanding the foregoing, Defendant Koch shall have the right to prepay at any time, and without penalty, the remaining balance, or any part thereof, due the Commission under this Order. Any such prepayment made prior to an installment due date shall be credited as if made on the next installment due date, and Defendant Koch shall be relieved of making any further payments on the installment due date for any prepayments to the extent of such prepayment. Nothing herein shall be construed to relieve Defendant Koch of his obligation to make timely payment for any installments as they become due which have not otherwise fully been paid in advance.

C.      To secure the payment obligations under Section VI.B of this order, Defendant Koch grants the Commission a security interest in certain property and proceeds thereof ("Collateral"), as set forth in the Mortgage and Security Agreement ("Mortgage," attached as Attachment A), which is incorporated by reference as if fully set forth verbatim and which grants a security interest in the following Collateral: Defendant Koch and his spouse, Angela Koch, hereby grant

to the Commission, pursuant to the attached Mortgage, a lien on and security interest in real property located at 6440 Aberdeen Lane, Medina, Ohio, 44256. Defendant Koch shall submit to the clerk's office for recording all security documents used to perfect the Commission's lien on the property within fourteen (14) days after entry of this Order, and shall deliver to the Commission copies of such officially recorded documents within seven (7) days after receipt of such documents.

D. In the event that Defendant Koch fails to make a required payment when due under Section VI.B of the Order, or the Commission is not allowed to retain any such payment, or if Defendant Koch fails to comply with the terms of the Mortgage and such failure is not timely cured:

1. The entire judgment amount, less any amount previously paid, shall immediately become due and payable by Defendant Koch. Interest computed at the rate prescribed under 28 U.S.C. § 1961, as amended, shall immediately begin to accrue on the unpaid balance. Time is of the essence for the payments specified in this Section; and

2. Defendant Koch consents to the appointment of a receiver by the Court for purpose of taking possession and control of and liquidating the Collateral, with the rights and powers, and privileges of an equity receiver. The costs and expenses of the receivership, including reasonable compensation for the receiver and personnel retained by the receiver, shall be paid solely from the proceeds of the Collateral.

E. The Commission's agreement to this Order is expressly based on the material representations that Defendant Koch and Angela Koch have the right and authority to enter into the Mortgage, and that such Collateral is not encumbered by any lien, assignment, security interest, or other interest not otherwise disclosed in the Mortgage.

1. The Commission's agreement to this Order is expressly based on the material representations by Defendant Koch that the value of his equity in the Collateral is at least $723,456.

2. If, upon motion of the Commission, a Court determines that Defendant Koch made a material misrepresentation or omitted material information concerning ownership or authority to pledge the Collateral, any encumbrance of the Collateral, or the value of the Collateral, the entire Judgment amount ($632,304), less any amounts previously paid by Defendant Koch, shall immediately become due and payable by Defendant Koch. Interest computed at the rate prescribed under 28 U.S.C. § 1961, as amended, shall immediately begin to accrue on the unpaid balance.

*Provided* that proceedings instituted under this provision would be in addition to, and not in lieu of, any other civil or criminal remedies, as may be provided by law, including but not limited to, contempt proceedings or any other proceedings that the Commission may initiate to enforce this Order.

## VII. ADDITIONAL MONETARY PROVISIONS

**IT IS FURTHER ORDERED** that:

A. Defendant Koch relinquishs dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

B. The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the Commission, including in a proceeding to enforce its rights to any payment or monetary judgment pursuant to this Order, such as a nondischargeability complaint in any bankruptcy case.

C.     The facts alleged in the Complaint establish all elements necessary to sustain an action by the Commission pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Order will have collateral estoppel effect for such purposes.

D.     Defendant Koch acknowledges that his Taxpayer Identification Numbers (Social Security Numbers or Employer Identification Numbers), which Defendant Koch previously submitted to the Commission, may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. § 7701.

E.     All money paid to the Commission pursuant to this Order may be deposited into a fund administered by the Commission or its designee to be used for equitable relief, including consumer redress and any attendant expenses for the administration of any redress fund.  If a representative of the Commission decides that direct redress to consumers is wholly or partially impracticable or money remains after redress is completed, the Commission may apply any remaining money for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to Defendant Koch's practices alleged in the Complaint.  Any money not used for such equitable relief is to be deposited to the U.S. Treasury as disgorgement. Defendant Koch has no right to challenge any actions the Commission or its representatives may take pursuant to this Subsection.

## VIII.  CUSTOMER INFORMATION

**IT IS FURTHER ORDERED** that Defendant Koch, Defendant Koch's agents, employees, attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, are permanently restrained and enjoined from directly or indirectly:

A.     Failing to provide sufficient customer information to enable the Commission to efficiently administer consumer redress.  If a representative of the

Commission requests in writing any information related to redress, Defendant Koch must provide it, in the form prescribed by the Commission, within thirty (30) days; and

B.      Disclosing, using, or benefitting from customer information, including the name, address, telephone number, email address, Social Security number, other identifying information, or any data that enables access to a customer's account (including a credit card, bank account, or other financial account), that Defendant Koch obtained prior to entry of this Order in connection with the advertising, marketing, promoting, offering for sale, or selling of any good or service using a Negative Option Feature. *Provided, however*, that Defendant Koch may use customer information for any current customer if Defendant Koch complies with Subsection II.C of this Order.

## IX.  COOPERATION

**IT IS FURTHER ORDERED** that Defendant Koch must fully cooperate with representatives of the Commission in this case and in any investigation related to or associated with the transactions or the occurrences that are the subject of the Complaint.  Defendant Koch must provide truthful and complete information, evidence, and testimony.  Such Defendant must appear for interviews, discovery, hearings, trials, and any other proceedings that a Commission representative may reasonably request upon five (5) days written notice, or other reasonable notice, at such places and times as a Commission representative may designate, without the service of a subpoena.

## X.  ORDER ACKNOWLEDGMENTS

**IT IS FURTHER ORDERED** that Defendant Koch obtain acknowledgements of receipt of this Order:

A.    Defendant Koch, within seven (7) days of entry of this Order, must submit to the Commission an acknowledgement of receipt of this Order sworn under penalty of perjury.

B.    For five (5) years after entry of this Order, Defendant Koch for any business that such Defendant, individually or collectively with any other Defendant, is the majority owner or controls directly or indirectly, must deliver a copy of this Order to: (1) all principals, officers, directors, and LLC managers and members; (2) all employees, agents, and representatives who participate in conduct related to the subject matter of this Order; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting. Delivery must occur within seven (7) days of entry of this Order for current personnel. For all others, delivery must occur before they assume their responsibilities.

C.    From each individual or entity to which Defendant Koch delivered a copy of this Order, such Defendant must obtain, within thirty (30) days, a signed and dated acknowledgement of receipt of this Order.

## XI.  COMPLIANCE REPORTING

**IT IS FURTHER ORDERED** that Defendant Koch make timely submissions to the Commission:

A.    One (1) year after entry of this Order, Defendant Koch must submit a compliance report, sworn under penalty of perjury:

1.    Defendant Koch must: (a) identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission may use to communicate with such Defendant; (b) identify all of his businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business, including the goods and services

offered, the means of advertising, marketing, and sales, and the involvement of any other Defendant; (d) describe in detail whether and how Defendant Koch is in compliance with each Section of this Order; (e) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission; and (f) if a customer covered by Section V is charged after the entry of this Order, provide a copy of the notice sent to the customer pursuant to Subsection V.A and the customer's written consent to the charge pursuant to Subsection V.B.

2.     Additionally, Defendant Koch must:  (a) identify all of his telephone numbers and all physical, postal, email and Internet addresses, including all residences; (b) identify all of his business activities, including any business for which such Defendant performs services whether as an employee or otherwise and any entity in which such Defendant has any ownership interest; and (c) describe in detail such Defendant's involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership.

B.     For ten (10) years after entry of this Order, Defendant Koch must submit a compliance notice, sworn under penalty of perjury, within fourteen (14) days of any change in the following:

1.     Defendant Koch must report any change in:  (a) any designated point of contact; or (b) the structure of any entity that Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including:  creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

2.     Additionally, Defendant Koch must report any change in: (a) his name, including aliases or fictitious name, or residence address; or (b) his title or role in any business activity, including any business for which he performs services whether as an employee or otherwise and any entity in which he has any ownership interest, and identify the name, physical address, and any Internet address of the business or entity.

C.     Defendant Koch must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against such Defendant within fourteen (14) days of its filing.

D.     Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on: _____" and supplying the date, signatory's full name, title (if applicable), and signature.

E.     Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580.  The subject line must begin: *FTC v. AAFE Products Corp.*, FTC Matter No. X170028.

## XII.  RECORDKEEPING

**IT IS FURTHER ORDERED** that Defendant Koch must create certain records for ten (10) years after entry of the Order, and retain each such record for five (5) years.  Specifically, Defendant Koch, for any business that he, individually or collectively with any other Defendant, is a majority owner or controls directly or indirectly, must create and retain the following records:

A.     Accounting records showing the revenues from all goods or services sold;

B.     Personnel records showing, for each person providing services, whether as an employee or otherwise, that person's:  name, addresses, telephone numbers, job title or position, dates of service, and (if applicable) the reason for termination;

C.     Records of all consumer complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response;

D.     All records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission; and

E.     A copy of each unique advertisement or other marketing material.

## XIII.  COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that, for the purpose of monitoring Defendant Koch's compliance with this Order:

A.     Within fourteen (14) days of receipt of a written request from a representative of the Commission, Defendant Koch must:  submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying.  The Commission is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by the Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B.     For matters concerning this Order, the Commission is authorized to communicate directly with Defendant Koch.  Defendant Koch must permit representatives of the Commission to interview any employee or other person

affiliated with Defendant Koch who has agreed to such an interview. The person interviewed may have counsel present.

C. The Commission may use all other lawful means, including posing, through its representatives, as consumers, suppliers, or other individuals or entities, to Defendant Koch or any individual or entity affiliated with Defendant Koch, without the necessity of identification or prior notice. Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

## XIV.  RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**IT IS SO ORDERED.**

Dated:  September 6, 2017

Hon. Anthony J. Battaglia
United States District Judge